## CHOATE v. BEEBEE.

(Supreme Court, Appellate Division, Fourth Department.  March 3, 1909.)

WITNESSES (§ 275*)—CROSS-EXAMINATION.

    For a consideration, paid, defendant agreed to transfer to plaintiff 20 shares of telephone stock, of the par value of $100 per share; the total stock of the company being $2,500. Before tender of transfer of the stock, by some change in the company, the total stock was increased to $50,000, and the shares $10 each, and plaintiff sued for breach of contract, after refusing a tender of 20 shares of the latter stock in performance of the contract. *Held*, that plaintiff was entitled to cross-examine defendant as to the details of the change of stock.

    [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 967; Dec. Dig. § 275.*]

Appeal from Trial Term, Erie County.

Action by Rufus M. Choate against George S. Beebee. From a judgment on a verdict, directed for defendant, and from an order denying a new trial on the minutes, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Gordon F. Matthews, for appellant.

Horton, Hurrell & Moulthrop, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to recover damages for breach of a written contract for the sale or trade of stocks. The contract was made September 15, 1906, and provided in substance that the plaintiff should transfer to the defendant 297 shares of a certain gas company stock, and the defendant should pay therefor $1 in cash and transfer to the plaintiff 20 shares of a certain telephone company stock; the exchange of stocks to take place on or before October 5, 1906. The plaintiff transferred and delivered to the defendant the gas stock at the time the agreement was made. The telephone stock was then in $100 shares, and there were 25 shares in all; the total stock being $2,500. The defendant never transferred or delivered or offered to plaintiff 20 shares of that stock. After the agreement was made there seems to have been a merger of the company with another one, or some change by which the total stock became $50,000 and the shares $10 each. The defendant offered 20 shares of this new stock as a performance of the agreement on his part, claiming this was just as good and valuable as the 20 shares of the $100 stock. The plaintiff refused this offer, demanded the 20 shares of the $100, as it existed at the time the agreement was made; and, upon refusal by defendant to comply with his demand, plaintiff brought this action, claiming his damages were $2,000.

The court, upon this statement of facts erred in directing a verdict for the defendant. The plaintiff met with some difficulty in proving these facts. By the evidence of the plaintiff and his attorney as to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

talks with the defendant, however, it appeared that when the agreement was made the telephone stock was $2,500, being 25 shares of $100 each, and plaintiff was to have 20 of these 25 shares, and that afterwards, however, some change was made, by increase of the capital stock or merger with some other company, and the stock was $50,000, in shares of $10 each, and defendant wanted plaintiff to accept 20 shares of this $10 stock. The plaintiff's attorney, by cross-examination of defendant, tried to show the details of this change of stock; but the court ruled out the evidence, and announced that the only question was whether there were two telephone companies of the same name, or only one, and then directed the verdict. We think the plaintiff should have been permitted to cross-examine the defendant to develop the facts, which were not within the plaintiff's knowledge, and which he hoped to bring out on such cross-examination.

There was some proof that the plaintiff's attorney accepted for his client the 20 shares of $10 stock; but the attorney testified that he sent it back, and finally it was stipulated he should hold it till the trial. The damages were not very clearly established, but they can be shown on a new trial, if the plaintiff is found entitled to recover in the case.

A new trial should be had.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event. All concur.